**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1497 DOC (Ex)                                      Date: February 16, 2012

Title: JUAN SANCHEZ ZAFRA V. GMAC MORTGAGE LLC, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS

  Before the Court is a Motion to Dismiss filed by Defendants GMAC Mortgage, LLC ("GMAC"), Executive Trustee Services, LLC ("Executive"), and Homecomings Financial, LLC ("Homecoming") (collectively, "Defendants"). (Docket 5). The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion to Dismiss as to Defendants GMAC, Executive, and Homecoming.

**I. BACKGROUND**

Plaintiff's Complaint alleges the following:

  In April 2006, Plaintiff Juan Sanchez Zafra ("Plaintiff") sought the help of a mortgage broker ("Broker") to see if he would qualify for a loan to purchase real property. Comp. ¶ 13. The Broker assured Plaintiff that "he would qualify for a loan to purchase" the property. *Id.* Plaintiff was not fluent in English and therefore all oral negotiations were conducted in Spanish. *Id.* at ¶ 15. "When preparing the loan and line of credit application the broker told Plaintiff he would take care of everything and for Plaintiff not to worry." *Id.* at ¶ 16. Defendants told Plaintiff that the property was a great value and that Defendants "would only make a loan that Plaintiff could afford to pay." *Id.* at ¶ 56, 64. Although Plaintiff requested that the loan documents be printed in Spanish, he was only provided

MINUTES FORM 11 DOC                    Initials of Deputy Clerk: jcb
CIVIL - GEN                                Page 1 of 10

documents in English. *Id.* at ¶ 15. Plaintiff was "given a teaser rate negative amortization loan that would later adjust." *Id*. at ¶ 17. Plaintiff believes that "after the close of escrow, Defendants paid the broker fees beyond the value of the services actually performed and an illegal kickback and added that additional amount to the total amount being financed, however such amount was never disclosed to Plaintiff." *Id.* at ¶ 30.

The Complaint alleges that "as persons with more knowledge of lending practices, Defendants owed Plaintiff a duty." *Id.* at ¶ 50. The Complaint further alleges that Defendants breached this duty by "failing to advise Plaintiff that he could not afford a home costing nearly $ 640,000.00." *Id.* at ¶ 51. The "representatives, agents and/or employees of Defendants made false representations to Plaintiff in order to fund" the loan. *Id.* at ¶ 24. Defendants failed to adequately verify Plaintiff's income and ultimately provided Plaintiff with "inadequate and/or confusing information relative to product choices, material loan terms, products risks, prepayment penalties, and the Plaintiff's obligations for property taxes and insurance." *Id.* at ¶ 26. "Defendants as part of their continuing scheme intentionally placed Plaintiff in a loan to the benefit of the Defendants with excessively high interest rates." *Id.* at ¶ 25. As such, the "loan documents which were executed did not truly express the intentions of Plaintiff." *Id.* at ¶ 57. Since Defendants failed to "undertake a good faith effort to assess Plaintiff's financial situation" and explore options for the Plaintiff to avoid foreclosure, the property was sold via a Trustee's sale in April 2010. *Id.* at ¶ 21, 93.

Plaintiff files the present civil action bringing the following six causes of action against Defendants collectively: (1) Wrongful Foreclosure; (2) Fraud and Intentional Deceit; (3) Violation of California Civil Code §§ 1632 and 1632.5; (4) Negligence; (5) Reformation; and (6) Violation of Business and Professions Code §17200.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION[12]

### A. PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM IS DISMISSED

Plaintiff's wrongful foreclosure claim alleges that "[i]n conducting the . . . foreclosure sale, Defendants and each of them, breached their duties to Plaintiff under California Civil Code [Sections] 2923 and 2924." *Id.* at ¶ 82. Specifically, Plaintiff argues that Defendants did not "undertake good faith efforts to assess Plaintiff's financial situation and nor to explore options for the Plaintiff to avoid foreclosure." *Id.* at ¶ 93. Defendants make two arguments as to why Plaintiff's wrongful foreclosure claim is legally deficient. The court will address each of Defendants' arguments below.

### i. SECTION 2924 IS BARRED BY COLLATERAL ESTOPPEL

Defendants argue that collateral estoppel bars Plaintiff from alleging a violation of Section 2924

---

[1]The parties have filed several requests for judicial notice. To the extent the Court relies on those documents, these requests are GRANTED. Otherwise, they are DENIED.

[2]The parties do not dispute that California substantive law applies. The Court applies California substantive law and federal procedural law. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Federal procedural law governs the issues of collateral estoppel and preemption.

because the issue was already litigated in a previous unlawful detainer action in which Plaintiff was a party.

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). The requirements for collateral estoppel are the following: "(1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).

The second and third elements of collateral estoppel are satisfied by two exhibits filed by Defendants which indicate that: (1) Plaintiff was a party to a prior unlawful detainer action; and (2) a final judgment was entered against Plaintiff. *See* Mot. Exs. J, I.

With respect to the first requirement, to prevail in an unlawful detainer action, a purchaser who has acquired title at a trustee's sale must prove the property was sold in accordance with Section 2924. *Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th 968, 974 (2010). Since judgment was entered against the Plaintiff in the unlawful detainer action, a court has already held that the property was sold in accordance with Section 2924. As such, collateral estoppel precludes Plaintiff from alleging a violation of Section 2924 in his wrongful foreclosure cause of action. Accordingly, Plaintiff's allegation that Defendants violated Section 2924 is DISMISSED WITH PREJUDICE.

## ii. TENDER RULE DISMISSES PLAINTIFF'S SECTION 2923 CLAIM

Defendants argue that the portion of Plaintiff's wrongful foreclosure claim alleging violations of Section 2923 must fail because Plaintiff's complaint fails to allege valid tender.

Under California law, a "valid and viable" tender of payment for the debt owed is essential in an action to cancel a sale under a deed of trust. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971). *See also Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901) ("an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize."). An offer to tender is "an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984).

Ninth Circuit district courts that have encountered wrongful foreclosure claims alleging violations of Section 2923 have required Plaintiff to allege valid tender. *See Gardner v. Am. Home Mortg. Servicing*, 691 F. Supp. 2d 1192, 1203 (E.D. Cal. 2010) (dismissing Plaintiff's wrongful

foreclosure claim, which alleged a violation of Section 2923.5, because Plaintiff failed to allege valid tender); Spurlock *v. Carrington Mortg. Servs.*, NO. 09cv2273-MMA (JMA) 2010 U.S. Dist. LEXIS 80221, at *8 (S.D. Cal. Aug. 4, 2010) (dismissing Plaintiff's wrongful foreclosure claim, which alleged violations of Sections 2923.5, 2923.6, and 2924, because Plaintiff did not allege a valid tender of payment).

Plaintiff's Complaint does not allege any facts suggesting that he has the ability to tender the debt owed under the loan. Additionally, Plaintiff does not provide any support to challenge the applicability of the tender rule. As such, the Court DISMISSES the portion of Plaintiff's wrongful foreclosure claim alleging violations of Section 2923.5 and 2923.6 WITHOUT PREJUDICE.

**B. THE FRAUD CLAIM IS DISMISSED WITHOUT PREJUDICE**

Plaintiff's fraud claim alleges that Defendants approved Plaintiff's loan without adequately verifying his income and provided him with "inadequate information relative to product choices, material loan terms, product risks, prepayment penalties and Plaintiff's obligation for property taxes." *Id.* ¶ 26. Plaintiff avers that "Defendants paid the broker fees above and beyond the value of services actually performed and an illegal kickback and added that additional amount to the total amount financed." *Id.* ¶ 30. Plaintiff also alleges that "representatives, agents and/or employees" of Defendants made false representations to Plaintiff in order to fund" the loan *Id.* ¶ 24.

Defendants argue that the cause of action for fraud fails because it does not comply with Federal Rule of Civil Procedure 9(b). Rule 9 requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This means that the complaint must allege the who, what, when, where, and how of the alleged fraudulent conduct." *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1013 (N.D. Cal. 2010). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F. 3d 756, 764-765 (9th Cir. 2007).

Plaintiff's Complaint contains various allegations of fraud against the Defendants collectively. *Id.* ¶ 25-42. Plaintiff's fraud allegations combine all "Defendants" together and Plaintiff does not state with any degree of particularity which Defendants engaged in which acts. *Id.* Accordingly, any allegations of fraud regarding the actions of "Defendants" referred to in the plural fail to comply with Rule 9.

It appears, however, that Plaintiff is also arguing that Defendants are liable for the Broker's alleged fraudulent conduct under an agency theory. *Id.* ¶ 12-19, 24, 30, 44. "An agent is one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. "Such

representation is called agency." *Id.* Agency "is either actual or ostensible." Cal. Civ. Code § 2298. "An agency is actual when the agent is really employed by the principal." Cal. Civ. Code § 2299. "An agency is ostensible when a principal causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. "An agent has such authority as the principal, actually or ostensibly, confers upon him." Cal. Civ. Code § 2315.

"In California, the law indulges no presumption that an agency exists but instead presumes that a person is acting for himself and not as the agent of another." *ING Bank v Ahn*, 758 F. Supp. 2d 936, 941 (N.D. Cal. 2010). One of the important characteristics of an agency relationship is the authority of the agent "to act for and in the place of the principal for the purposes of bringing him or her into legal relations with third parties." *Buick v. World. Sav. Bank*, 637 F. Supp. 2d 765, 774 (E.D. Cal. 2008). "The other important aspect in determining the existence of an agency relationship is the degree of control exercised by the principal over the activities of the agent." *Id* at 775.

Plaintiff's allegation that Defendants' "representatives, agents and/or employee" engaged in fraudulent activities is too conclusory to allege an agency relationship. *Id.* ¶ 24. Plaintiff's Complaint does not allege that Defendants conferred actual or apparent authority upon the Broker. *See de Chavez v. United Mortg. Servs.*, No. 09-285-AC, 2009 U.S. Dist. LEXIS 112593, at * 12 (D. Or. Oct. 30, 2009) (holding that plaintiff did not allege sufficient facts to establish liability under an agency theory because plaintiff failed to allege that lender conferred authority over the broker). Furthermore, Plaintiff's Complaint fails to allege that Defendants authorized the agents to represent and bind them. *See Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1056 (E.D. Cal. 2009) (holding that plaintiff's complaint did not support a finding of an agency relationship because there was no allegation that the lender authorized the broker to represent or bind the lender). Although Plaintiff alleges Defendants paid the Broker fees, this allegation alone, is not sufficient to give rise to an agency relationship. *See Buick*, 673 F. Supp. 2d at 775 (holding that a complaint must allege more than payment from lender to broker in order to establish an agency theory); *Champlaie*, 706 F. Supp. 2d at 1056 (holding that an allegation that lender provided broker with incentives is not sufficient on its own to establish an agency theory). As such, Plaintiff's factual allegations do not support either an actual or ostensible agency theory.

Accordingly, Plaintiff's allegation of fraud and intentional deceit is DISMISSED WITHOUT PREJUDICE.

**C. THE ALLEGED VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1632 IS**

**DISMISSED WITHOUT PREJUDICE, BUT SECTION 1632.5 IS DISMISSED WITH PREJUDICE**

Plaintiff alleges violations of both California Civil Code Section 1632 and 1632.5. The Court will address each statutory cause of action below.

**I. Section 1632**

Plaintiff alleges that because negotiations were conducted in Spanish, but "the loan and line documents were given to Plaintiff in English," the Defendants violated Section 1632. Section 1632 requires a translation of a contract or agreement in the language in which the contract was negotiated be provided prior to its execution. Cal. Civ. Code § 1632(b). "Loans secured by real property are covered by section 1632 as long as they are negotiated by a real estate broker and for use primarily for personal, family or household purposes." *ING Bank*, 758 F. Supp. 2d 936, 940. As such, Plaintiff must allege that Defendants either had a principal-agent relationship with the Broker or acted as brokers themselves. *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1167 (S.D. Cal. 2009). Plaintiff alleges that he "negotiated his loan orally in Spanish with the broker, who in turn was an agent of the lender Defendants." *Id.* at ¶ 44. As such, it appears that Plaintiff does not allege that Defendants were acting as brokers, but that the Broker was an agent of Defendants. The Court has previously ruled that Plaintiff's complaint fails to plead sufficient allegations to establish an agency relationship between Defendants and Broker. As such, Plaintiff's alleged violation of Section 1632 is DISMISSED WITHOUT PREJUDICE.

**ii. Section 1632.5**

Plaintiff also asserts a violation of Section 1632.5, which imposes upon supervised financial organizations[1], the same requirement provided in Section 1632**.** Cal. Civ. Code § 1632.5(a). However, "[a]n action against a supervised financial organization for a violation of this section may only be brought by a licensing agency or by the Attorney General." Cal. Civ. Code § 1632.5(l). Since Plaintiff does not purport to be a licensing agency or the Attorney General, he cannot allege a claim under Section 1632.5. Accordingly, Plaintiff's alleged violation of Section 1632.5 is DISMISSED WITH PREJUDICE.

---

[1] "'Supervised financial organization' means a bank, savings association . . ., credit union or holding company." Cal. Civ. Code § 1632.5(b). This Court assumes, without deciding, that Defendants meet this definition.

**D. THE NEGLIGENCE CLAIM IS DISMISSED WITHOUT PREJUDICE**

Under California law, the elements of a claim for negligence are: (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach as the proximate or legal cause of the resulting injury. *Champlaie*, 706 F. Supp. 2d at 1057.

Plaintiff alleges that Defendants owed a duty to Plaintiff because Defendants were "persons with greater knowledge of lending practices." ¶ 50. Plaintiff further alleges that "Defendants breached their duty by not telling Plaintiff that he could not afford a home costing approximately $640,000.00, but by giving him loan and line of credit documents in English a language they knew he could [not] understand." ¶ 51.

In California, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart of Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Ruiz v. Decision One Mortg. Co., LLC*, No. C06-02530 HRL, 2006 U.S. Dist. LEXIS 54571, at * 7 (N.D. Cal. July 25, 2006) ("In California, generally, there is no duty of care owed to a borrower by a lender.").

The test for determining whether a lender owes a duty of care to a borrower "involves the balancing of various factors," among which are: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Nymark*, 231 Cal. App. 3d at 1098.

In his Opposition, Plaintiff argues that:

"Servicing of the loan was intended to affect Plaintiff and his home. Next, there was a clear foreseeability of harm to Plaintiff as he could, and did, lose his home, i.e. actual injury. Moreover, the loss of Plaintiff's home was a direct result of the Defendant's breach of their duty as they recorded a notice of default and foreclosed on the property based on faulty grounds. Also, moral blame must be attached to the Defendants' conduct as they knowingly took advantage of an individual who did not understand or comprehend the documents he was signing. Additionally, through legislation, California has established a policy of preventing unnecessary and wrongful foreclosures which this was."

Opp'n 16.

Plaintiff's argument relies on the alleged actions of the unnamed Broker. *Id.* This Court has

already ruled that Plaintiff has failed to plead sufficient facts to establish an agency relationship between the Broker and Defendants. Since Plaintiff fails to adequately satisfy the test regarding Defendants' actions alone, Plaintiff's negligence allegation as to the Defendants as lenders is DISMISSED WITHOUT PREJUDICE.

As to Executive, who is not a lender but provides trustee services, Defendants correctly argue that a trustee's duties are exclusively defined by the deed of trust and that "no other common law duties exist." *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal. App. 4th 579, 583 (Cal. App. 2d Dist. 2009). Plaintiff's opposition does not address this contention. Accordingly, the negligence claim as to Executive is DISMISSED WITHOUT PREJUDICE.

## F. THE REFORMATION CLAIM IS DISMISSED WITHOUT PREJUDICE

Plaintiff alleges that the "Defendants committed a fraud against Plaintiff in that Defendants' employees and/or agents intentionally misrepresented to Plaintiff that Defendants would only make a loan that Plaintiff could afford to pay." ¶ 56. Plaintiff further alleges "that pursuant to Civil Code section 3399, the loan documents which were executed did not truly express the intentions of Plaintiff." ¶ 57.

Under California Civil Code section 3399, "[w]hen, through fraud . . . a written contract does not truly express the intention of the parties, [the contract] may be revised." Cal. Civ. Code § 3399.

Plaintiff only argues that he is entitled to reformation because he has set forth the elements of fraud. Opp'n 15. Since the Court has dismissed Plaintiff's fraud claim, Plaintiff's claim for reformation is DISMISSED WITHOUT PREJUDICE.

## G. THE ALLEGED VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 IS NOT DISMISSED

Plaintiff alleges that "Defendants engaged in unlawful, unfair, and fraudulent business practice [sic]" because they told him that the property was a great value, failed to print the loan documents in the language the loan was negotiated, and gave him a loan with an adjustable rate. ¶ 62-67. Further, Plaintiff avers that Defendants paid the Broker illegal kickbacks. *Id.* at ¶ 30. As such, Plaintiff alleges that Defendants engaged in unfair competition. *Id* at ¶ 62-67.

Section 17200 defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice and unfair deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Defendants argue that Plaintiff cannot bring suit under Section 17200 without alleging a violation of some other law. *See* Mot. 13. This argument lacks merit because the California Supreme Court has expressly held that "[t]he statutory language referring to any unlawful, unfair or fraudulent practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other

law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). Since Section 17200 is written in the disjunctive, it covers acts or practices which are unlawful, or unfair, or fraudulent. *Id.* "In other words, a practice is prohibited as unfair or deceptive even if not unlawful and vice versa." *Id.* Accordingly, Defendants' motion to dismiss Plaintiff's Section 17200 claim is DENIED.

## IV. DISPOSITION

For the foregoing reasons, the Motion to Dismiss is hereby GRANTED IN PART AND DENIED IN PART. The portions of Plaintiff's Complaint alleging violations of Section 1632.5 and Section 2924 are DISMISSED WITH PREJUDICE. The portions of Plaintiff's Complaint alleging violations of Section 1632, negligence, reformation and fraud and intentional deceit are DISMISSED WITHOUT PREJUDICE. As to Plaintiff's unfair competition claim, Defendants' motion to dismiss is DENIED.

Any amended complaint shall be filed by February 29, 2012. The Court notes that if Plaintiff cannot cure the defects in the original complaint regarding claims other than the unfair competition claim, the Court is not inclined to provide a second opportunity to amend those claims.

The Clerk shall serve this minute order on all parties to this action.